# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WASHINGTON | TENTH JUDICIAL DISTRICT |

Michael and Carina Hill,

        Plaintiffs,

vs.

Camping World RV Sales - Hugo,

        Defendant.

Case Type: Contract
Court File No.

**SUMMONS**

THIS SUMMONS IS DIRECTED TO the above-named Defendant:

1.      **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's **Complaint** against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2.      **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**.   You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    Stanek Law Office
    100 Fuller Street, Suite 120
    Shakopee, MN 55379

3.      **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.  If you do not want to contest the claims stated in the complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

5.     **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

6.     **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 5, 2025.

By:  /s/ Jon E. Stanek
Jon E. Stanek, Esq.
Attorney I.D. #: 0388792
Stanek Law Office
100 Fuller Street, Suite 120
Shakopee, MN 55379
Telephone: (612) 208-7370
Email:  jon@staneklawoffice.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WASHINGTON | TENTH JUDICAL DISTRICT |

Michael and Carina Hill,

       Plaintiffs,

vs.

Camping World RV Sales - Hugo,

       Defendant.

Case Type: Contract
Court File No.

**COMPLAINT AND JURY DEMAND**

Plaintiffs, Michael and Carina Hill ("Plaintiffs"), by and through their attorney, Jon E. Stanek, Stanek Law Office, for their Complaint against Defendant, Camping World RV Sales ("Defendant"), state and allege as follows:

## PARTIES

1. Plaintiffs are individuals, residing in Roseville, Minnesota.

2. Defendant is a Minnesota domiciled limited liability company with its principal place of business at 14025 West Freeway Drive, Hugo, Minnesota 55038.

3. Defendant is engaged in the business of selling and buying new and used recreational vehicles and travel trailers to consumers.

## JURISDICTION & VENUE

4. Washington County has jurisdiction and is the proper venue for this suit under Minn. Stat. § 542.09 because the cause of action arose in Washington County.

## FACTUAL ALLEGATIONS

5. In 2021, Plaintiffs were looking to purchase a used travel trailer for family vacations.

6. Plaintiffs previously owned a travel trailer that had a water leak.

7. When looking for another travel trailer, they were cautious to avoid having the same water leak issues.

8. Plaintiffs found a 2014 Passport 3290BH Travel Trailer ("Trailer") at Defendant's lot.

9. Plaintiffs asked Defendant's salesperson about the condition and history of the Trailer, and if it had any issues with the roof or any previous water damage.

10. To avoid repeating the same mistake with a travel trailer, Plaintiff's asked the salesperson a lot of questions about the Trailer's condition.

11. The salesperson assured Plaintiffs multiple times that the Trailer had no issues and no history of water damage.

12. The salesperson told Plaintiffs that Defendant does a full inspection of all used campers they take into their dealership.

13. The salesperson told Plaintiffs that Defendant checks the used campers for any issues before they get them ready to sell again.

14. The salesperson told Plaintiffs before they sell a used camper, it gets a full inspection twice.

15. The salesperson told Plaintiffs that Defendant inspected the camper again for them and then the salesperson took Plaintiffs on a walk through to show them everything was good with the Trailer.

16. On May 7, 2021, Plaintiffs entered into a contract with Defendant in the form of a Retail Installment Contract to buy the Trailer, VIN 4YDT32920ET414273.

17. Plaintiffs purchased the Trailer for $21,598.29.

18. Plaintiffs also paid an additional $2,999.00 for a service contract.

19. Included with the purchase of the Trailer were numerous disclaimers of any express or implied warranties, including the implied warranties of merchantability and fitness for a particular purpose.

20. Defendant failed to provide an inspection report upon sale of the Trailer to Plaintiffs.

21. Defendant assured Plaintiffs if there was anything wrong with the Trailer, Plaintiffs could return it to Defendant's dealership and Defendant would remedy any issues.

22. On August 7, 2023, the Trailer's roof peeled off while Plaintiffs were driving north on 35W.

23. Plaintiffs drove to Hinckley Camper Sales and Rentals ("Hinckley Camper") to have the Trailer inspected.

24. Hinckley Camper tacked the Trailer's roof back down and added 2 x 4's to the roof, to keep it from peeling back while driving.

25. At Hinckley Camper, Plaintiffs were told by that the roof had been previously damaged by water and it was completely rotten and needed to be replaced.

26. Plaintiffs were told by Hinckley Camper that the roof had clearly been repaired, but not well and the repair was more like a cover up than an actual repair.

27. Brad, the owner of Hinckley Camper, instructed Plaintiffs to drive up to Oak Lake RV Sales ("Oak Leaf"), in Moose Lake, where they could put eternabond tape on the roof to seal the seams to help keep the roof down so Plaintiffs could continue towing the Trailer.

28. Levi Kasberg, a service center employee at Oak Lake, helped Plaintiffs with the tape. He also inspected the roof and said that it was clearly previously repaired, and poorly done. He also told Plaintiffs that the whole roof was rotten and clearly had water damage years ago. In his opinion, it looked like it was just covered up with a poor-quality repair.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Implied Warranty of Merchantability

29. Plaintiffs incorporate by reference all of the above paragraphs of the Complaint as though fully stated herein.

30. Defendant is a "merchant" as defined by Minn. Stat. § 336.2-104(1) because it deals in goods of the kind involved in Plaintiffs' transaction.

31. Since Defendant is a merchant, the travel trailer it sold to Plaintiff came with an implied warranty of merchantability under Minn. Stat. § 336.2-314(1).

32. Although Defendant attempted to exclude the implied warranty from the transaction by disclaiming it, this exclusion was ineffective because Defendant entered into a service contract with Plaintiff on the date of sale. See 15 U.S.C. § 2308 (a) and (c).

33. The implied warranty of merchantability requires that the goods sold will work for its ordinary purpose.

34. The ordinary purpose of a travel trailer is to provide a living space for camping.

35. Since the Trailer had water leak in the roof, Plaintiffs could not use the Trailer for its ordinary purpose.

36. Therefore, Defendant breached the implied warranty of merchantability.

### COUNT II
### Violation of the Magnuson-Moss Warranty Act

37. Plaintiffs incorporate by reference all of the above paragraphs of the Complaint as though fully stated herein.

38. The Trailer is a "consumer product" as defined by 15 U.S.C. § 2308(1) because it is a tangible personal property which was distributed in commerce and is normally used for personal, family, or household purposes.

39. Plaintiffs are "consumers" as defined by 15 U.S.C. § 2301(3) because they bought a consumer product.

40. Defendant is a "supplier" as defined by 15 U.S.C. § 2301(4) because it was a dealer in the business of making consumer products available to consumers.

41. By selling Plaintiffs a travel trailer with a roof that leaked water, the travel trailer was not safe to use for camper activities, and Defendant breached the implied warranty of merchantability.

42. Under 15 U.S.C. § 2310(d) a breach of any implied warranty is also a violation of the Magnuson-Moss Warranty Act

43. As a result of Defendants' violation of the Magnuson-Moss Warranty Act, Plaintiffs are entitled to actual damages under 15 U.S.C. § 2310(d)(1), as well as reasonable attorney fees and costs under 15 U.S.C. § 22310(d)(2).

## COUNT III
## Fraud, Deceit and Misrepresentation

44. Plaintiffs incorporate by reference all of the above paragraphs of the Complaint as though fully stated herein.

45. Defendant knew the Trailer had serious defects in the roof and failed to tell Plaintiffs about them.

46. Defendant covered up the defects by performing a sub-optimal inspection of the Trailer and failing to provide Plaintiffs an inspection report of the Trailer, as promised.

47. Due to Defendant's omission and cover up, Plaintiffs reasonably believed the Trailer was in good condition.

48. As a result of Defendant's omission and cover up, Plaintiffs are entitled to actual damages.

## COUNT IV
## Negligence

49. Plaintiffs incorporate by reference all of the above paragraphs of the Complaint as though fully stated herein.

50. Defendant had a duty to use reasonable care with Plaintiffs' Trailer.

51. Defendant breached their duty to use reasonable care with Plaintiffs' Trailer when they left it out uncovered in the weather.

52. As a direct and proximate result of Defendant's negligence, Plaintiffs' Trailer was damaged by the weather.

## **TRIAL BY JURY**

53. Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants, for the following:

    A.    For a full refund of the purchase price, taxes, fees, and charges that Plaintiffs paid to Defendant.

    B.    For incidental and consequential damages.

    C.    For court costs and reasonable attorney fees.

    D.    Any other relief that the Court deems appropriate.

Dated: May 5, 2025.

                                    Respectfully submitted,

                                    By:  /s/ Jon E. Stanek
                                    Jon E. Stanek, Esq.
                                    Attorney I.D. #: 0388792
                                    Stanek Law Office
                                    100 Fuller Street, Suite 120
                                    Shakopee, MN 55379
                                    Telephone: (612) 208-7370
                                    Email:  jon@staneklawoffice.com

## ACKNOWLEDGMENT PURSUANT TO MINN. STAT. § 549.21

Plaintiff acknowledges that costs, disbursements, and reasonable attorney and witness fees by be awarded pursuant to Minn. Stat. § 549.21, Subd. 2 to the parties against whom the allegations in this pleading are asserted.

                                    */s/ Jon Stanek*
                                    Jon E. Stanek